## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ADAM P. KELLY** | ) | |
| 1047 E. Hyde Park Blvd, 3rd Floor | ) | **JURY TRIAL DEMANDED** |
| Chicago, IL 60615 | ) | |
| | ) | |
| **MICHAEL P. BARTLETT** | ) | |
| 318 Clearbrook Circle #201 | ) | |
| Venice, FL 34292 | ) | |
| | ) | |
| On Behalf of Themselves And | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case no.: _____ |
| | ) | |
| **BANK OF AMERICA, N.A.** | ) | |
| President, Consumer & Small Business | ) | |
| Bank: Liam E. McGee | ) | |
| Bank of America, N.A. | ) | |
| Bank of America Corporate Center | ) | |
| 100 N. Tryon Street | ) | |
| Charlotte, NC 28255 | ) | |
| | ) | |
| **BANK OF AMERICA CORPORATION** | ) | |
| C T Corporation System | ) | |
| 150 Fayetteville St., Box 1011 | ) | |
| Raleigh, NC 27601 | ) | |
| | ) | |
| **COUNTRYWIDE HOME LOANS, INC.,** | ) | |
| C T Corporation System | ) | |
| 208 S. Lasalle St., Suite 814 | ) | |
| Chicago, IL 60604 | ) | |
| | ) | |
| **COUNTRYWIDE MORTGAGE** | ) | |
| **VENTURES, LLC** | ) | |
| C T Corporation System | ) | |
| 208 S. Lasalle St., Suite 814 | ) | |
| Chicago, IL 60604 | ) | |
| | ) | |
| **COUNTRYWIDE FINANCIAL** | ) | |
| **CORPORATION** | ) | |
| c/o Bank of America Corporation | ) | |

C T Corporation System                              )
150 Fayetteville St., Box 1011                      )
Raleigh, NC 27601                                   )
                                                    )
**COUNTRYWIDE BANK, FSB,**                          )
President, Bank of America Home Loans &              )
Insurance: Barbara J. Desoer                        )
Bank of America Corporate Center                    )
100 N. Tryon St.                                    )
Charlotte, NC 28255                                 )
                                                    )
      Defendants.     )

## COMPLAINT

### Collective Action under §216(b) of FLSA
### Class Action under Fed.R.Civ.P. 23 for Illinois Wage & Hour Law
### Class Action under Fed.R.Civ.P. 23 for California Wage & Hour Law

Plaintiffs Adam P. Kelly and Michael P. Bartlett on behalf of themselves, and all others similarly situated, by and through counsel, for their Complaint against Defendants Countrywide Home Loans, Inc., Countrywide Mortgage Ventures, LLC, Countrywide Financial Corporation, Countrywide Bank, FSB (collectively as "Countrywide"), Bank of America, N.A., and Bank of America Corporation (collectively as "Bank of America"; all entities combined collectively as "BOA" or "Defendants") state as follows:

## PRELIMINARY STATEMENT

1.    BOA is one of the world's largest financial institutions and provides financial services including mortgages to individual consumers and business nationwide.

2.    Defendant Bank of America Corporation acquired Defendant Countrywide Financial Corporation on July 1, 2008 and Countrywide then became a wholly owned subsidiary of Defendant Bank of America. This acquisition significantly expanded Defendant Bank of America's mortgage origination and servicing business, and made it a "leading mortgage

originator and servicer." *See* 2009 Bank of America Annual Report 28, available at http://media.corporate-ir.net/media_files/irol/71/71595/reports/2009_AR.pdf.

3.      BOA's policy and practice is to deny earned wages, including minimum wage and overtime pay, to its Home Loan Consultants and Mortgage Loan Officers throughout the United States. In particular, BOA requires these employees to perform work way in excess of eight hours per day and/or forty (40) hours per week, but fails to pay them minimum wage and overtime by illegally classifying all such employees as exempt from overtime and minimum wage requirements

4.      BOA's deliberate illegal classification of its Home Loan Consultants and Mortgage Loan Officers as exempt from minimum wage and overtime requirements results in BOA violating the federal Fair Labor Standards Act ("FLSA") and the Illinois Wage and Hour Laws, as well as other state labor laws nationwide.

5.      Plaintiffs Adam P. Kelly and Michael P. Bartlett (collectively as the "FLSA Named Plaintiffs") bring a collective class action under §216(b) of the FLSA against BOA for unpaid overtime and minimum wage compensation, and related penalties and damages on behalf of all Home Loan Consultants and/or Mortgage Loan Officers who are working or have worked for Defendants in the last three years nationwide and were classified as exempt.

6.      Defendants' practice and policy is to willfully fail and refuse to properly pay minimum wage and overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked as exempt Home Loan Consultants and/or Mortgage Loan Officers (collectively "Mortgage Loan Employees"). In particular, Defendants required the Mortgage Loan Employees to work for straight commissions or draw against

commissions, but failed to pay them overtime for their work. Also, Defendants required the Mortgage Loan Employees to work long hours with no or inadequate base pay such that Defendants failed to pay these persons minimum wage. Defendants' conduct denies such persons overtime pay and minimum wage, and is a direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

7.    Plaintiff Adam P. Kelly (the "Illinois Class Representative") brings a class action under Federal Rule of Civil Procedure 23 against Defendants for unpaid overtime and minimum wage compensation, and related penalties and damages on behalf of all Home Loan Consultants and/or Mortgage Loan Officers who are working or have worked for Defendants' locations in the past three years in Illinois pursuant to the ILLINOIS MINIMUM WAGE LAW (IMWL) 820 ILCS §105/1 *et seq.*

## PARTIES

8.    Plaintiff Adam P. Kelly currently resides in Chicago, Illinois. Plaintiff Kelly was employed as a Home Loan Consultant and then a Mortgage Loan Officer from December 2008 to September 2009 at Defendants' office located in Rolling Meadows, Illinois. Plaintiff Kelly's Consent to become a Party Plaintiff pursuant to 29 U.S.C. §226(b) is attached as Exhibit A.

9.    Plaintiff Michael P. Bartlett currently resides in Venice, Florida. Plaintiff Bartlett was employed as a Home Loan Consultant from October 2006 to November 2007 at Defendants' office located in Port Charlotte, Florida. Plaintiff Bartlett's Consent to become a Party Plaintiff pursuant to 29 U.S.C. §226(b) is attached as Exhibit B.

10.    Defendant Countrywide Home Loans, Inc. is a New York corporation with its principal place of business located in California. Countrywide Home Loans, Inc. does business in

4

this judicial district and nationwide. Countrywide Home Loans, Inc. is now a subsidiary of Defendant Bank of America Corporation.

11.     Defendant Countrywide Mortgage Ventures LLC is a foreign limited liability company with its principal place of business located in California. Countrywide Mortgage Ventures LLC does business in this judicial district and nationwide. Countrywide Mortgage Ventures LLC is now a subsidiary of Defendant Bank of America Corporation.

12.     Defendant Countrywide Financial Corporation is a Delaware Corporation with its principal place of business in California. Countrywide Financial Corporation exercised control over the human resources practices of defendants Countrywide Homes Loans, Inc. and Countrywide Mortgage Ventures LLC including the manner in which Home Loan Consultants and/or Mortgage Loan Officers were compensated. Countrywide Financial Corporation is now a subsidiary of Defendant Bank of America Corporation.

13.     Defendant Countrywide Bank, FSB is or was a subsidiary of Defendant Countrywide Financial Corporation, and is now a subsidiary or has merged into Defendant Bank of America. Defendant Countrywide Bank, FSB is or was a Virginia corporation with its principle place of business currently or formerly in California.

14.     Defendant Bank of America, N.A. is a nationally charted bank with is principal place of business in North Carolina. Bank of America, N.A. does business in this judicial district and nationwide.

15.     Defendant Bank of America Corporation is a Delaware corporation with its principal place of business in North Carolina. Bank of America Corporation does business in this judicial district and nationwide.

16.     On July 1, 2008, Defendant Bank of America Corporation acquired Countrywide Financial Corporation. Both in the time leading up to and after the acquisition,

Defendants Bank of America, N.A. and Bank of America Corporation exercised substantial control over the human resources practices of Countrywide Financial Corporation including the manner in which Home Loan Consultants and Mortgage Loan Officers were compensated, and providing paychecks to these employees.

## JURISDICTION AND VENUE

17. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

18. This Court has supplemental jurisdiction for all claims asserted under the ILLINOIS MINIMUM WAGE LAW in that the claims under these Illinois state laws are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

19. Independently, this Court has original jurisdiction for the Illinois state law claims pursuant to the CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1332, in that the estimated damages involved in these claims will exceed $5,000,000 and the parties to this action are residents of different states.

20. The United States District Court for the Northern District of Illinois has personal jurisdiction because BOA conducts business within this District.

21. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the Northern District of Illinois, and the causes of action set forth herein have arisen and occurred in part in the Northern

District of Illinois. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Illinois.

## FACTUAL ALLEGATIONS

22. BOA is one of the world's largest financial institutions, serving more than 58 million customers worldwide and generating over $120 billion in revenues. *See* 2009 Bank of America Annual Report 28, available at http://media.corporate-ir.net/media_files/irol/71/71595/reports/2009_AR.pdf.

23. BOA makes mortgage home loan and insurance products available at more than 6,000 locations, and employs Mortgage Loan Officers at approximately 880 locations. *See* 2009 Bank of America Annual Report 28, available at http://media.corporate-ir.net/media_files/irol/71/71595/reports/2009_AR.pdf.

24. For the year 2007, Countrywide was ranked as the third largest nationwide residential retail mortgage lender by a leading trade publication. At that time, Countrywide had a workforce that exceeded 50,000 persons. *See* 2007 Countrywide Financial Corporation Annual Report available at http://www.secinfo.com/dVut2.t21n.htm#uyh.

25. At all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the Plaintiffs and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

26. At all relevant times, Defendants have been, and continue to be, "employers" as defined under IMWL 820 ILCS § 105/3(c). At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including the Plaintiffs and all similarly situated employees as defined under IMWL 820 ILCS § 105/3(d).

### A. Countrywide Home Loan Consultants

27. For the year 2007, Countrywide was ranked as the third largest nationwide residential retail mortgage lender. At that time, Countrywide had a workforce that exceeded 50,000 persons including a sales force which exceeded 6,000. Countrywide sold mortgage loans to individual consumers at more than 600 branch offices in 48 states and Washington D.C. *See* 2007 Countrywide Financial Corporation Annual Report available at http://www.secinfo.com/dVut2.t21n.htm#uyh.

28. Countrywide employed Home Loan Consultants in its offices throughout the United States. Countrywide told Home Loan Consultants when they were hired that they were becoming "associated with the nation's largest originator and servicer of mortgage loans."

29. Countrywide classified all Home Loan Consultants as exempt, and thus not entitled to receive minimum wage or overtime. Countrywide paid its Home Loan Consultants monthly commissions and/or draws. Home Loan Consultants were also eligible for certain bonus programs.

30. Due to the manner in which Countrywide classified and paid its Home Loan Consultants, these employees go could months without being paid any compensation. For example, Countrywide paid Plaintiff Kelly no compensation in consecutive months.

31. Home Loan Consultants routinely worked in excess of 40 hours per week in an effort to sell mortgage loans and thus obtain commissions under Countrywide's compensation plans.

32. The primary job of Home Loan Consultants was to sell mortgages to individual consumers. Home Loan Consultants (1) did not regularly supervise the work of two or more employees, (2) did not exercise discretion and independent judgment as to matters of significance or perform office work related to Countrywide's general business operations or its customers, and (3) had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

33. All Home Loan Consultants are similarly situated in that they share common job duties and descriptions, and were all subject to Countrywide's policy and practice that designated them as exempt and thus they all performed work without minimum wage and/or overtime compensation.

34. On information and belief, Home Loan Consultants spent almost all of their work time in their offices and taking customer calls on their cell phones from their homes or car. Countrywide failed to take any action to ensure or monitor that Home Loan Consultants worked away from its offices. In fact, Countrywide was aware that it Home Loan Consultants worked primarily in its offices because its management saw these employees in their offices day after day.

35. Home Loan Consultants did not sell mortgages at individual mortgage consumers' place of business or homes. Instead, Home Loan Consultants sold mortgages to individual consumers who walked into Countrywide offices and/or over the telephone.

36. Countrywide failed to accurately record the time actual time worked by all Home Loan Consultants. Countrywide could have easily and accurately recorded the actual time worked by all Home Loan Consultants.

37. In light of Countrywide's failure to accurately record time worked by all Home Loan Consultants, Countrywide failed to provide accurate wage statements to all Home Loan Consultants.

38. The same unlawful practices and procedures described above affect all Home Loan Consultants nationwide, including in the state of Illinois.

### B. Bank of America Mortgage Loan Officers

39. In early 2008, Bank of America and Countrywide entered into an agreement and plan of merger to effectuate a "strategic business combination." *See* Agreement and Plan of Merger available at http://www.secinfo.com/drDX9.t34.d.htm.

40. On July 1, 2008, the merger became effective and Countrywide became a wholly owned subsidiary of Defendant Bank of America. This acquisition significantly expanded Defendant Bank of America's mortgage origination and servicing business, and made it a "leading mortgage originator and servicer." *See* 2009 Bank of America Annual Report, available at http://media.corporate-ir.net/media_files/irol/71/71595/reports/2009_AR.pdf.

41. Prior to the merger, Bank of America had input and control into how Countrywide Home Loan Consultants would be paid. In March 2009, Bank of America presented the "2009 Incentive Compensation Plan Overview Mortgage Loan Officer Plan" to Countrywide Home Loan Consultants.

42. This compensation plan became effective with loan fundings beginning May 1, 2009, months before Bank of America formally acquired Countrywide. As of May 1, 2009,

Bank of America changed the job title of the Countrywide Home Loan Consultants to Mortgage Loan Officers.

43. As of May 1, 2009, Bank of America directed that all Mortgage Loan Officers be classified as exempt, and thus not entitled to receive minimum wage or overtime compensation. Mortgage Loan Officers were paid a recoverable draw against commissions and participated in bonus programs. Bank of America currently classifies its Mortgage Loan Officers as exempt and compensates them in this manner.

44. Mortgage Loan Officers routinely work in excess of 40 hours per week in an effort to sell mortgage loans and thus obtain commissions under Bank of America's compensation plans.

45. The primary job of Mortgage Loan Officers is to sell mortgages to individual consumers. Mortgage Loan Officers (1) do not regularly supervise the work of two or more employees, (2) do not exercise discretion and independent judgment as to matters of significance or perform office work related to Bank of America's general business operations or its customers, and (3) have no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

46. All Mortgage Loan Officers are similarly situated in that they share common job duties and descriptions, and are all subject to Bank of America's policy and practice that designated them as exempt and thus they all perform work without minimum wage and/or overtime compensation.

47. On information and belief, Mortgage Loan Officers spend almost all of their work time in their offices and taking customer calls on their cell phones from their homes or car. Bank of America fails to take any action to ensure or monitor that Mortgage Loan Officers

work away from its offices. In fact, Bank of America is aware that it Mortgage Loan Officers work almost exclusively in its offices because its management sees these employees in their offices day after day.

48. Mortgage Loan Officers do not make sales at individual mortgage consumers' place of business or homes. Instead, Mortgage Loan Officers sell mortgages to individual consumers who walk into Bank of America offices and/or over the telephone.

49. Bank of America fails to accurately record the time actual time worked by all Mortgage Loan Officers. Bank of America could easily and accurately record the actual time worked by all Mortgage Loan Officers.

50. In light of Bank of America's failure to accurately record time worked by all Mortgage Loan Officers, Bank of America fails to provide accurate wage statements to all Mortgage Loan Officers.

51. The same unlawful practices and procedures described above affect all Mortgage Loan Officers nationwide, including in the state of Illinois.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims

52. Plaintiffs hereby incorporate by reference paragraphs 1 through 51 of this Complaint into this count.

53. Plaintiff Adam P. Kelly was employed as a Home Loan Consultant and Mortgage Loan Officer by Defendants from approximately December 2008 through September 2009 at the Defendants' office located at 1600 Golf Road, Suite 300, Rolling Meadows, Illinois 60008.

54. Plaintiff Michael P. Bartlett was employed as a Home Loan Consultant by Defendants from approximately October 2006 through November 2007 at Defendants' office located at 19451 Toledo Blade Blvd., Port Charlotte, FL 33948.

55. Like Plaintiffs, Defendants employ or employed numerous other Mortgage Loan Employees at locations throughout the United States. This includes, but is not limited to, the following positions: Home Loan Consultant and Mortgage Loan Officer. All such positions are hereby referred to as the "putative representative action plaintiffs."

56. Defendants compensate or compensated the putative representative action plaintiffs as exempt employees under the FLSA not entitled to receive overtime. Defendants compensate or compensated the putative representative action plaintiffs by paying them a straight commission or draw against commission.

57. Plaintiffs and putative representative action plaintiffs do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

58. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

59. All putative representative action plaintiffs working for or who have worked for Defendants are similarly situated in that they all perform or performed essentially the same respective job functions.

60. All putative representative action plaintiffs are similarly situated in that they are or were all subject to Defendants' same compensation policy, plan, or procedure that requires or

required them to perform work and/or requires or required them to be present at work while compensating them on a straight commission or draw against commission without paying them overtime. This denies the putative representative action plaintiffs' compensation for services performed, and denies them their overtime compensation. Defendants' conduct violates the FLSA.

61.   Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants as Home Loan Consultants and/or Mortgage Loan Officers within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

62.   This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative representative action plaintiffs.

63.   The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from BOA's records, and potential class members may easily and quickly be notified of the pendency of this action.

64.   Defendants failed to compensate Plaintiffs and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

65.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

66.     Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

67.     Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

        **WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action plaintiffs, pray for relief as follows for Count I of this Complaint:

a.      Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to U.S.C. §216(b);

b.      Designation of Plaintiffs Adam P. Kelly and Michael P. Bartlett as Representative Plaintiffs of the putative representative action plaintiffs;

c.      Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the putative representative action plaintiffs;

d.      A declaration that BOA is financially responsible for notifying all FLSA Class Members of its alleged wage and hour violations;

e.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

f.   An award of damages for overtime compensation due for Plaintiffs and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendants;

g.   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h.   Pre-Judgment and Post-Judgment interest, as provided by law; and

i.   Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
### FED.R.CIV.P. 23 Class Action under the ILLINOIS MINIMUM WAGE LAW
### Overtime Claims

68.   The Plaintiffs hereby incorporate by reference paragraphs 1 through 67 of this Complaint into this count.

69.   Plaintiff Adam P. Kelly was employed as a Home Loan Consultant and Mortgage Loan Officer by Defendants from approximately December 2008 through September 2009 at the Defendants' office located at 1600 Golf Road, Suite 300, Rolling Meadows, Illinois 60008.

70.   The Illinois Named Plaintiff Kelly brings this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and the following class of persons:

> All current and former Home Loan Consultant and/or Mortgage Loan Officer employees of Defendants who have worked at their office locations in Illinois at any time during the last three years, who were subject to Defendants' unlawful compensation policies of failing to pay overtime compensation for all hours worked in excess of forty per work week.

16

71.     The state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

72.     The Illinois Named Plaintiff Kelly, individually and on behalf of the above Illinois Class Members, brings a class action based on the ILLINOIS MINIMUM WAGE LAW 820 ILCS §105/1 *et seq.*, in particular, §105/4a (1).

73.     The Illinois Named Plaintiff Kelly and the Illinois Class Members are all similarly situated in that they were all subject to Defendants' policy which classified them as exempt and thus to not properly calculate and pay these employees straight time compensation and overtime compensation for hours worked in excess of forty hours per work week which violates the ILLINOIS MINIMUM WAGE LAW 820 ILCS §105/1 *et seq.*, in particular, §105/4a (1).

74.     Class certification of this Count for violations of the ILLINOIS MINIMUM WAGE LAW is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a.     The members of the Illinois Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Illinois Named Plaintiff at the present time but the number should be over five hundred;

    b.     There are questions of law and fact arising in this action which are common to the Illinois Named Plaintiff and the Illinois Class Members, including:

       (i) Whether Defendants' policies and practices described within this Complaint were illegal;

       (ii) Whether Illinois Class Members are paid for all of the time they work;

       (iii) Whether Defendants classified the Illinois Class Members as exempt;

(iv) Whether Defendants maintain accurate records of the time the Illinois Class Members work;

(v) Whether Defendants monitored the time Home Loan Consultants spent outside of their offices;

(vi) Whether Home Loan Consultants sold mortgages to individual consumers at their homes or places of business;

(vii) Whether Defendants failed to pay appropriate overtime premiums to the Illinois Class Members in violation of ILLINOIS MINIMUM WAGE LAW §105/4a(1); and

(viii) Whether Defendants' actions were willful.

75. Illinois Named Plaintiff's claims are typical of the claims of the Illinois Class Members. The Illinois Named Plaintiff was paid under the same policy and procedure as all members of the class. The Illinois Named Plaintiff and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of ILLINOIS MINIMUM WAGE LAW.

76. The Illinois Named Plaintiff will fairly and adequately protect the interests of the members of the class.

77. The Illinois Named Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving compensation claims.

78. The Illinois Named Plaintiff has no interests which are adverse to or in conflict with other Illinois Class Members.

79. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any

questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the ILLINOIS MINIMUM WAGE LAW; (b) it is desirable to concentrate all the litigation of these claims in this forum; and, (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

80. In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the ILLINOIS MINIMUM WAGE LAW.

81. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

82. Defendants illegally classified the Illinois Named Plaintiff and the Illinois Class Members as exempt, and thus failed to pay the Illinois Named Plaintiff and the Illinois Class Members the overtime required by Illinois law.

83. Defendants' failure to pay the correct amount of overtime violates the ILLINOIS MINIMUM WAGE LAW, 820 ILCS §105/4a(1).

84. Because Defendants failed to properly pay overtime as required by law, the Illinois Named Plaintiff and the Illinois Class Members are entitled under the Illinois Minimum Wage Law, 820 ILCS §105/4a(1) and §105/12 to all overtime compensation due to them at a rate of 1 and ½ times the regular rate of pay for all overtime hours worked in the past three years, and under §105/12 to recover liquidated damages, costs, and reasonable attorneys fees.

**WHEREFORE**, the Illinois Named Plaintiff Kelly, on behalf of himself and the Illinois Class Members, prays for relief as follows for Count II of this Complaint:

a. Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Illinois Class Members and issuance of notice pursuant to all Illinois Class Members, apprising them of the pendency of this action;

b. Designation of Illinois Named Plaintiff Adam P. Kelly as Representative Plaintiff of the Illinois Class Members;

c. A declaration that BOA is financially responsible for notifying all Illinois Class Members of its alleged wage and hour violations;

d. Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the Illinois Class Members;

e. A declaratory judgment that the practices complained of herein are unlawful under the ILLINOIS MINIMUM WAGE LAW;

f. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided

by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.    An award of damages for overtime compensation due for Plaintiffs and the putative representative action plaintiffs, including liquidated, or penalty damages allowed under Illinois law, to be paid by Defendants;

h.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

i.    Pre-Judgment and Post-Judgment interest, as provided by law; and

j.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

85.    Plaintiffs hereby incorporate by reference paragraphs 1 through 84 of this Complaint into this count.

86.    Plaintiff Adam P. Kelly was employed as a Home Loan Consultant and Mortgage Loan Officer by Defendants from approximately December 2008 through September 2009 at the Defendants' office located at 1600 Golf Road, Suite 300, Rolling Meadows, Illinois 60008.

87.    Plaintiff Michael P. Bartlett was employed as a Home Loan Consultant by Defendants from approximately October 2006 through November 2007 at Defendants' office located at 19451 Toledo Blade Blvd., Port Charlotte, FL 33948.

88.     Like Plaintiffs, Defendants employ and/or employed numerous Home Loan Consultants and Mortgage Loan Officers at locations throughout the United States, hereafter referred to as the "putative representative action plaintiffs" in this Count.

89.     Defendants compensate or compensated the putative representative action plaintiffs as exempt employees under the FLSA who are not entitled to receive overtime or minimum wage.

90.     Plaintiffs and putative representative action plaintiffs do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation and minimum wage as required under the FLSA.

91.     Plaintiffs and putative representative action plaintiffs regularly and routinely perform or performed their job tasks on behalf of the Defendants in excess of forty hours per work week.

92.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than minimum wage.

93.     All putative representative action plaintiffs working for Defendants are similarly situated in that they all perform or performed essentially the same respective job functions, and Defendants classified all putative representative action plaintiffs as exempt.

94.     All putative representative action plaintiffs are similarly situated in that they are or were all subject to Defendants' same compensation policy that does not pay minimum wage as required under the FLSA for all hours worked.

95.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendants as

Home Loan Consultants and/or Mortgage Loan Officers within three years from the commencement of this action who have not been compensated at minimum wage for all hours worked per week.

96.   This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative representative action plaintiffs.

97.   The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from BOA's records, and potential class members may easily and quickly be notified of the pendency of this action.

98.   Defendants failed to compensate Plaintiffs and the putative representative action plaintiffs at minimum wage for all work performed in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

99.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

100.   Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

101.   Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose putative representative action plaintiffs, seek recovery of all attorneys'

fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action plaintiffs, pray for relief as follows for Count III of this Complaint:

a.   Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b.   Designation of Plaintiffs Adam P. Kelly and Michael P. Bartlett as Representative Plaintiffs of the putative representative action plaintiffs;

c.   A declaration that BOA is financially responsible for notifying all FLSA Class Members of its alleged wage and hour violations;

d.   Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the putative representative action plaintiffs;

e.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

f.   An award of damages for overtime compensation due for Plaintiffs and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendants;

g.   Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h.   Pre-Judgment and Post-Judgment interest, as provided by law; and

i.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**COUNT IV**
**FED.R.CIV.P. 23 Class Action under the ILLINOIS MINIMUM WAGE LAW**
**Minimum Wage Claims**

102.    Plaintiffs hereby incorporate by reference paragraphs 1 through 101 of this Complaint into this count.

103.    Plaintiff Adam P. Kelly was employed as a Home Loan Consultant and Mortgage Loan Officer by Defendants from approximately December 2008 through September 2009 at the Defendants' office located at 1600 Golf Road, Suite 300, Rolling Meadows, Illinois 60008.

104.    The Illinois Named Plaintiff Kelly brings this Count as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself and the following class of persons:

> All current and former Home Loan Consultant and/or Mortgage Officer employees of Defendants who have worked at their offices in Illinois at any time during the last three years, who were subject to Defendants' unlawful compensation policies of failing to pay minimum wage for all hours worked in any work week.

105.    The state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

106.    The Illinois Named Plaintiff Kelly, individually and on behalf of the above Illinois Class Members, brings a class action based on the ILLINOIS MINIMUM WAGE LAW 820 ILCS §105/1 *et seq.*, in particular, §105/4a (1).

107.    The Illinois Named Plaintiff Kelly and the Illinois Class Members are all similarly situated in that they were all subject to Defendants' policy to classify them as exempt and thus not pay these employees minimum wage compensation for all hours worked per

work week which violates the ILLINOIS MINIMUM WAGE LAW 820 ILCS §105/1 *et seq.*, in particular, §105/4a (1).

108. Class certification of this Count for violations of the ILLINOIS MINIMUM WAGE LAW is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a. The members of the Illinois Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Illinois Named Plaintiff at the present time but the number should be over five hundred;

b. There are questions of law and fact arising in this action which are common to the Illinois Named Plaintiff and the Illinois Class Members, including:

(i) Whether Defendants' policies and practices described within this Complaint were illegal;

(ii) Whether Defendants classified the Illinois Class Members as exempt;

(iii) Whether Defendants monitored the time the Illinois Class Members spent outside of their offices;

(iv) Whether the Illinois Class Members sold mortgages to individual consumers at their homes or places of business;

(v) Whether Defendants maintain accurate records of the time the Illinois Class Members work;

(vi) Whether Defendants failed to pay appropriate minimum wage to the Illinois Class Members in violation of ILLINOIS MINIMUM WAGE LAW §105/4a(1); and

(vii) Whether Defendants' actions were willful.

109. The Illinois Named Plaintiff's claims are typical of the claims of the Illinois Class
     Members. The Illinois Named Plaintiff was paid under the same policy and procedure as
     all members of the class. The Illinois Named Plaintiff and all members of the class were
     victims of the same wrongful conduct engaged by Defendants in violation of ILLINOIS
     MINIMUM WAGE LAW.

110. The Illinois Named Plaintiff will fairly and adequately protect the interests of the
     members of the class.

111. The Illinois Named Plaintiff has retained counsel who is competent and experienced in
     class action and complex litigation involving compensation claims.

112. The Illinois Named Plaintiff has no interests which are adverse to or in conflict with other
     Illinois Class Members.

113. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3)
     because questions of law and fact common to class members predominate over any
     questions affecting only individual members and a class action is the superior procedural
     vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a)
     there is minimal interest of members of this class in individually controlling their
     prosecution of claims under the ILLINOIS MINIMUM WAGE LAW; (b) it is desirable to
     concentrate all the litigation of these claims in this forum; and, (c) there are no unusual
     difficulties likely to be encountered in the management of this case as a class action.

114. In the absences of a class action, Defendants would be unjustly enriched because they
     would be able to retain the benefits and fruits of the wrongful violation of the ILLINOIS
     MINIMUM WAGE LAW.

115.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

116.    Defendants failed to pay the Illinois Named Plaintiff and the Illinois Class Members the minimum wage compensation required by Illinois law.

117.    Defendants' failure to pay the correct minimum wage compensation violates the ILLINOIS MINIMUM WAGE LAW, 820 ILCS §105/4a(1).

118.    Because Defendants failed to properly pay minimum wage as required by law, the Illinois Named Plaintiff and the Illinois Class Members are entitled under the Illinois Minimum Wage Law, 820 ILCS §105/4a(1) and §105/12 to all minimum wage compensation due to them for all hours worked in the past three years, and under §105/12 to recover liquidated damages, costs, and reasonable attorneys.

**WHEREFORE**, the Illinois Named Plaintiff Kelly, on behalf of himself and the Illinois Class Members, pray for relief as follows for Count IV of this Complaint:

a.    Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Illinois Class Members and issuance of notice pursuant to all Illinois Class Members, apprising them of the pendency of this action;

b.    Designation of Illinois Named Plaintiff Adam P. Kelly as Representative Plaintiff of the Illinois Class Members;

c.    A declaration that BOA is financially responsible for notifying all Illinois Class Members of its alleged wage and hour violations;

d.    Designation of Rowdy Meeks Legal Group LLC as the attorneys representing the Illinois Class Members;

e.    A declaratory judgment that the practices complained of herein are unlawful under the ILLINOIS MINIMUM WAGE LAW;

f.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.    An award of damages for overtime compensation due for the Plaintiff and the putative representative action plaintiffs, including liquidated, or penalty damages allowed under Illinois law, to be paid by Defendants;

h.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

i.    Pre-Judgment and Post-Judgment interest, as provided by law; and

j.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **Demand for Jury Trial**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.


Respectfully submitted,


_/s/ Rowdy B. Meeks_
Rowdy B. Meeks, N.D. Ill #16068
**Rowdy Meeks Legal Group LLC**
4717 Grand Ave., Suite 840
Kansas City, Missouri 64112
Tel: (816) 531-2277
Fax: (816) 531-7722
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

_/s/ Kenneth C. Apicella_
Kenneth C. Apicella, N.D. Ill #6269344
**APICELLA & MALATESTA LLC**
134 North LaSalle, Suite 320
Chicago, IL 60602
Main (312) 445-0514
Direct (312) 445-0542
Fax  (312) 261-9968
KCA@theamfirm.com
www.theamfirm.com


Attorneys for Plaintiffs