# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5332 | **DATE** | August 30, 2011 |
| **CASE TITLE** | *Kelly v. Bank of America* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion to dismiss the amended complaint [48] is denied and the plaintiffs' motion for conditional class certification [36] is granted. The court declines to approve the plaintiffs' proposed notice given this case's procedural posture. The parties must promptly meet and confer regarding this issue.

■ [ For further details see text below.]

## STATEMENT

*Motion to Dismiss*

Defendants Bank of America, Countrywide Home Loans, Countrywide Mortgage Ventures, Countrywide Financial, and Countrywide Bank seek to dismiss plaintiff Michael Bartlett's FLSA claims as time-barred. Mr. Bartlett's title during his employment at Countrywide was a Home Loan Consultant. In this position, he originated mortgage loans. He worked at Countryside from October of 2006 to November of 2007, and was paid on commission or a draw against commission. According to Mr. Bartlett, the defendants violated the FLSA by willfully misclassifying him as an exempt outside sales representative, which prevented him from receiving overtime pay and minimum wage benefits.

In the amended complaint, Mr. Bartlett alleges that he was terminated in November of 2007. The complaint and Mr. Bartlett's consent were filed on August 24, 2010. The parties agree that an action for unpaid overtime compensation under the FLSA must be commenced within two years after the cause of action accrues, except that an action arising out of a "willful" violation may be commenced within three years after the cause of action accrues. 29 U.S.C. § 255(a). Mr. Bartlett's action commenced on August 24, 2010. *See* 29 U.S.C. §256(a) ("an action is considered to be commenced . . . . on the date when the complaint is

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought"). Mr. Bartlett's claims are thus only timely if the defendants' conduct was willful. In their motion to dismiss, the defendants contend that Mr. Bartlett has failed to plead sufficient facts showing willfulness.

To survive a motion to dismiss, a complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted). Thus, the Supreme Court recently clarified that determining if a complaint states a plausible claim is "a context-specific task that requires [the court] to draw on [its] judicial experience and common sense." *Id*. at 1950.

A plaintiff seeking to take advantage of the extended three-year statute of limitation period in an FLSA case bears the burden of proof on the issue of willfulness. *Bankston v. State of Ill.*, 60 F.3d 1249, 1253 (7th Cir. 1995). Mr. Bartlett alleges that the defendants were sued by other employees who, like him, were mortgage loan originators, complained about their compensation, and claimed they had been misclassified. He also asserts that Countrywide and Bank of America were sued "numerous" times in state and federal courts. While these allegations are not laden with details, they are subject to Rule 11 and, if true, would allow the court to reasonably infer that the defendants acted willfully. Accordingly, the motion to dismiss for lack of factual specificity is denied.

*Motion for Conditional Class Certification*

Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), the plaintiffs seek conditional certification of their collective action FLSA claims in Counts I and IV of the amended complaint. The proposed class consists of home loan consultants and mortgage loan officers who worked or are working for the defendants since August 24, 2007, and who were designated as exempt employees. According to the plaintiffs, employees holding these two positions all have the same responsibilities and were improperly compensated in the same way.

FLSA overtime wage claims may be pursued through a collective action on behalf of the named plaintiffs and similarly situated workers. 29 U.S.C. § 216(b); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Generally, courts considering whether FLSA claims may proceed as a collective action use a two-step process. *Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *2 (N.D. Ill. Jul. 25, 2011). First, the court considers whether to conditionally certify a class. To obtain this relief, a plaintiff must make "a modest factual showing" that other potential class members are similarly situated. *Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *2 (N.D. Ill. Jul. 25, 2011), *quoting Persin v. Careerbuilder, LLC*, No. 05 C 2347, 2005 WL 3159684, at *4 (N.D. Ill. Nov. 23, 2005). "If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits." *Id*. Second, after the parties have had an opportunity to pursue discovery and the opt in process is complete, the court must reevaluate certification using a more rigorous standard. *Id*.

(continued)

# STATEMENT

The parties hotly dispute whether the plaintiffs can satisfy the undemanding standard used for conditional class certification. The plaintiffs assert that all home loan consultants and mortgage loan originators (home loan consultants became mortgage loan originators when Bank of American merged with Countryside) share a common factual nexus because they have the same or similar job titles, had the same essential responsibility of originating mortgage loans, had the same or similar pay plans and job descriptions, and were hired based on substantially similar job descriptions.

On the other hand, the defendants contend that exemptions apply to home loan consultants/mortgage loan originators and that application of the exemptions requires a highly individualized inquiry. For example, the defendants state that the "outside sales exemption" turns on whether an employee's primary duty is to make sales and whether that employee regularly makes sales while away from the employer's place of business. They then assert that the court would have to look at each class member's specific situation to determine if an exemption had been properly applied. The defendants raise numerous other arguments about this and other exemptions.

The problem with the defendants' position is that it is premature. Specifically, "[c]ourts have consistently held that questions about the applicability of FLSA exemptions are typically not addressed during the first step of the conditional certification inquiry." *Rottman v. Old Second Bancorp, Inc.,* 735 F.Supp.2d 988 (N.D. Ill. 2010). The defendants' arguments about the factual basis for potential class members' individual entitlement to exemptions are thus insufficient to defeat conditional certification. *See id.*

The plaintiffs' motion for conditional class certification is, therefore, granted. In a footnote (Dkt. 86, Page ID#885, n.15), the defendants note that they oppose the plaintiffs' suggested notice form and method of providing notice. While the defendants' decision to bifurcate a discussion of the merits of the conditional certification motion and the plaintiffs' proposed notice is not ideal, the court nevertheless will afford them with a chance to weigh in before approving a notice. The parties must meet and confer regarding this issue. Any unresolved matters regarding the notice should be presented to Magistrate Judge Valdez.