IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM P. KELLY, et al., ) | |
| ) | |
| On Behalf of Themselves and All Others ) | |
|    Similarly Situated ) | |
| ) | Case No. 10 C 5332 |
|    Plaintiffs, ) | |
| ) | Magistrate Judge |
| vs. ) | Maria Valdez |
| ) | |
| BANK OF AMERICA, N.A., et al., ) | |
| ) | |
|    Defendants. ) | |

## ORDER

The District Court granted conditional collective action certification pursuant to 29 U.S.C § 216(b) on August 30, 2011 [Doc. No. 140]. Pending before this Court is the Plaintiffs' FLSA Notice to Putative Opt-In Plaintiffs and Opt-In Procedures for Conditionally Certified Collective Action [Doc. No. 143]. Defendants have also submitted their own proposed notice and opt-in procedures [Doc. No. 144].

Courts in this district consistently recognize that Plaintiffs in a certified FLSA collective action are appropriately responsible for the content of the class notice. "Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986). Indeed, "[a] notice to prospective class members "represents not an official communication from the Court, but is instead a communication from the plaintiff and plaintiffs' counsel to other prospective class members."" *Id.*; *see also Heitmann v. City of Chi.*, No. 04 C 3304, 2004 WL 1718420, at *3

(N.D. Ill. July 30, 2004) ("'The Court has both the power and duty to ensure fair and accurate notice, [but] that power should not be used to alter plaintiffs' proposed notice unless such alternation is necessary.'") (quoting *King*, 1986 WL 2628, at *3).

It is hereby ORDERED:

1. **Form of the Notice.** The Court adopts Plaintiffs' proposed Notice as fair, accurate, and not misleading.

2. **Update of Mailing Addresses.** Within ten (10) days of receipt of the Class List, Plaintiffs' Counsel will forward the Class List to the Third Party Administrator it has engaged for purposes of administering the Notice. Plaintiffs' Counsel will instruct the Third Party Administrator to perform an advanced address search, using the names and social security numbers provided for each potential FLSA class member to obtain the most accurate mailing addresses on record to ensure the Notice reaches as many potential FLSA class members as possible.

3. **Dissemination of Notice.**

    a. **Via First Class U.S. Mail.** Within five (5) days of obtaining the updated address list, the Third Party Administrator will disseminate the Notice and Consent to Join form to potential FLSA class members at their most recent updated address via First Class U.S. Mail. The Third Party Administrator will use a #10 window envelope which will bear the language "COURT-ORDERED NOTICE OF LAWSUIT. DEADLINE TO RESPOND: [insert deadline]" conspicuously on the front of the envelope. The Consent to Join form will be printed on yellow paper. A #9 Business Reply Envelope will be included for the return of the Consent to Join form. If a mailed Notice packet is returned to the Third Party Administrator with no forwarding address, the Third Party Administrator will promptly attempt to update the potential FLSA class member's mailing address by running an additional

address search, and will remail the Notice packet upon discovery of an updated address. Upon request by a potential FLSA class member, the Third Party Administrator will promptly remail a Notice packet to such requesting potential FLSA class member at the address provided by the potential FLSA class member.

      b.     **Via E-Mail.** Within five (5) days of obtaining the updated address list, the Third Party Administrator will disseminate an electronic Notice to potential FLSA class members at their last known e-mail address, which electronic Notice will provide details on obtaining more information via a toll-free information number, an internet website established for the Notice administration, and an informational e-mail address at which to submit questions.

      c.     **Via Publication of Internet Notice Administration Website.** Concurrent with the mailing and e-mailing of the FLSA Notice packet to potential FLSA class members, Plaintiffs will direct the Third Party Administrator to publish an internet website where potential FLSA class members may obtain additional information about the Notice, and where potential FLSA class members may submit a Consent to Join form for this case by electronically providing their name, date of birth, and last four digits of their social security number.

4.     **Opt-In Period.** Potential FLSA class members shall have sixty (60) days from the dissemination date of the Notice to submit their Consent to Join forms, whether by U.S. Mail or via electronic submission through the internet Notice Administration website. For Consent to Join forms returned via U.S. Mail that bear no discernible postmark, such Consent to Join forms will be accepted for ten (10) business days following the close of the opt-in period. In the event any Consent to Join forms are postmarked after the close of the opt-in period, the parties will communicate regarding the circumstances of the late submission(s), and make a determination regarding whether to accept the Consent to Join

3

form(s). Under no circumstances will a potential FLSA class member be denied participation based on a late submission of a Consent to Join form if: (1) that person is an active-duty or reserve member of the U.S. Armed Forces, or (2) that person has good cause for failure to submit the Consent to Join form on or before the opt-in deadline.

5. **Cure Procedure.** In the event a Consent to Join form is received but is deficient in some manner, the Third Party Administrator shall immediately attempt to contact the potential FLSA class member regarding the deficiency. The Third Party Administrator will mail a cure letter to the potential FLSA class member's most recent updated address, and will e-mail a cure letter to the last known e-mail address. If the cure letter is returned as undeliverable, and the e-mail cure letter bounces back, the Third Party Administrator will attempt to telephone the potential FLSA class member at the number provided to alert them to the deficiency. The potential FLSA class member shall have fifteen (15) days from the date of mailing and e-mailing of the cure letter to cure the deficiency.

The parties are therefore ordered to proceed in accordance with the terms set forth above.

**SO ORDERED.**    ENTERED:

*Maria Valdez*

DATE: September 23, 2011    _____
HON. MARIA VALDEZ
United States Magistrate Judge