Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5332 | **DATE** | November 28, 2011 |
| **CASE TITLE** | *Kelly v. Bank of America* | | |

**DOCKET ENTRY TEXT:**

The defendants' objections to the magistrate judge's October 18, 2011, order are before the court. For the following reasons, the objections are overruled.

■ [ For further details see text below.]

## STATEMENT

On August 30, 2011, the court granted the plaintiffs' motion for conditional class certification and noted that in their brief opposing conditional certification, the defendants had expressed an intent to object to the form of notice provided to putative class members at a later time, stating:

> In a footnote (Dkt. 86, Page ID#885, n.15), the defendants note that they oppose the plaintiffs' suggested notice form and method of providing notice. While the defendants' decision to bifurcate a discussion of the merits of the conditional certification motion and the plaintiffs' proposed notice is not ideal, the court nevertheless will afford them with a chance to weigh in before approving a notice. The parties must meet and confer regarding this issue. Any unresolved matters regarding the notice should be presented to Magistrate Judge Valdez.

Dkt. 140.

Following the court's August 30th order, the defendants submitted their own notice form to the magistrate judge. On September 23, 2011, the magistrate judge adopted the plaintiffs' proposed notice form [Dkt. 151]. The defendants objected and this court overruled the objections [Dkt. 152]. The defendants then filed a motion seeking an order limiting the disclosure and use of email addresses and the plaintiffs filed a

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

# STATEMENT

motion to enforce the conditional certification order, both of which were granted [Dkt. 163 & 171]. The defendants' objections to the order granting the motion to enforce are presently before the court. The crux of the motion to enforce is the contents of the class list, *i.e.*, the identifying information about putative class members that the defendants need to provide to the plaintiffs.

In the appealed-from order, the magistrate judge held that the defendants had waived their ability to object to the contents of the plaintiffs' requested class list and thus had to produce social security numbers and telephone numbers for all potential class members. She also extended the 60-day opt-in period by 21 days. The parties' dispute centers around the fact that the defendants have only produced names and addresses for the putative class members. The plaintiffs also want telephone and social security numbers. The essence of the defendants' objections is that they did not waive their right to challenge the content of the notice form and that providing telephone and social security numbers is unnecessary and poses a security risk.

Regardless of whether the court applies a de novo or abuse of discretion standard of review, the result is the same. The court finds that the defendants did not make a clear and timely objection to the class list issue (*i.e.*, what identifying information they needed to give the plaintiffs) until well after the court had already ruled on the motion for conditional certification. Specifically, the defendants chose to oppose certification and punt on the form of notice to be provided to putative class members by noting – in a footnote to their brief opposing conditional certification – their intent to challenge the form of the class notice at a later date. Objections about the form of the notice to be provided to the putative class members (the issue reserved by the defendants) are not the same thing as objections to providing identifying information about the putative class members so that members of the putative class can be located. The problem faced by the defendants today is a result of their decision to bifurcate arguments instead of presenting all of their arguments, including fall-backs, at the same time. The court thus agrees that the defendants waived their objections to the class list information.

But even setting aside waiver, the magistrate judge's decision appears sound and reasonable. There is a protective order in place that appears to have been drafted by the defendants. In addition, the record indicates that the telephone and social security numbers will be used solely to allow the plaintiffs to track down putative class members. This is necessary as the class consists of certain Bank of America mortgage loan officers and it cannot fairly be disputed that many of the class members have moved given the unstable nature of the housing market in recent years. The record also shows that the plaintiffs have engaged a suitable third party administrator who is subject to the protective order. That third party administrator will be managing, among other things, the provision of notice to putative class members. In sum, the requested information is a critical part of ensuring that putative class members in this case receive notice. It is in the interests of justice to ensure that putative class members know about this case and, therefore, know about their legal rights. Accordingly, even if the court overlooks the defendants' waiver, in an exercise of its discretion, it nevertheless overrules the defendants' objections.